UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, </br></br>     Plaintiff, </br></br>  vs. </br></br> PHILLIP D. SCHMIDT, JR., </br></br>     Defendant. | ) ) ) ) ) ) )   Case No.  4:12-cv-02112-AGF ) ) ) ) ) |

### **MEMORANDUM & ORDER**

This matter is before the Court on the Motion for Revival of Judgment filed by Judgment Creditor SMS Financial P, LLC ("Judgment Creditor), assignee of Plaintiff PNC Bank, National Association ("PNC Bank").  Doc. No. 53.  For the reasons set forth below, the motion will be granted.

### **Background**

On January 31, 2014, the Court entered a judgment in this action in favor of Plaintiff PNC Bank and against the Judgment Debtor/Defendant Phillip D. Schmidt for monetary damages in the amount of $263,668.33.  Doc. No. 49.  On April 12, 2018, the judgment was assigned to Judgment Creditor.  Doc. No. 51.

On January 9, 2024, Judgment Creditor filed a Motion for Revival of Judgment, asserting that the judgment has not been satisfied.  Doc. No. 53.  On January 12, 2024, the Court ordered Judgment Debtor to show cause by March 1, 2024 why the judgment should not be revived.  Doc. No. 54.  The Court warned Judgment Debtor that failure to

file a written response by March 1, 2024, would result in the Court reviving the Judgment against him. *Id.*

Pursuant to Missouri Rule of Civil Procedure 74.09(b) and Missouri Supreme Court Rule 54, the Court directed Judgment Creditor to promptly serve Judgment Debtor with the Court's Show Cause Order consistent with the procedure for service of summons under Fed. R. Civ. P. 4. Judgment Creditor served Judgment Debtor on February 8, 2024, and filed proof of service with the Court on February 14, 2024. Doc. No. 55. Judgment Debtor failed to respond to the Court's Show Cause Order by March 1, 2024.

## Discussion

Missouri Rule of Civil Procedure Rule 74.09, as applicable by Fed. R. Civ. P. 69,[1] governs the revival of judgments in this Court. *See Greater St. Louis, Constr. Laborers Welfare Fund v. RKK Indus. Servs., Inc.*, No. 4:96-CV-976 CDP, 2007 WL 805611, at *1 (E.D. Mo. Mar. 14, 2007). Rule 74.09 provides:

(a) When and by Whom. A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment, the last payment of record, or the last prior revival of the judgment.

(b) Order to Show Cause. Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his

---

[1] Rule 69 of the Federal Rules of Civil Procedure requires that "[t]he procedure on execution [of a judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

2

>   successors in interest, or his legal representatives.
>
> (c) Judgment of Revival. If the judgment debtor, his successors in interest, or legal representatives fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment.

Mo. R. Civ. P. 74.09(a)–(c). No other requirements are imposed on the party seeking revival. *See Young Elec. Sign Co. v. Duschell Furniture of Arizona, Inc.*, 9 S.W.3d 685, 687 (Mo. Ct. App. 1999) (explaining that the only obligation placed on the party seeking revival is timely filing the motion to revive).

The only defenses considered on a motion to revive a judgment are "whether the judgment creditor initiated the proceeding within the prescribed time of ten years; whether service, either personal or by publication, was obtained on the judgment debtor; whether the judgment existed; and whether the judgment was satisfied." *National Sur. Corp. v. Mehlville Sch. Dist.*, No. 4:03-CV-73 CDP, 4:03-CV-93 CDP, 2015 WL 5022731, at *2 (E.D. Mo. Aug. 24, 2015) (quoting *Elliott v. Cockrell*, 943 S.W.2d 328, 330 (Mo. Ct. App. 1997)); *Monsanto Co. v. Hargrove*, No. 4:09-CV-01628-SRC, 2021 WL 3930502, at *1 (E.D. Mo. Sept. 2, 2021). "Upon a show cause order, the judgment debtor may challenge the [judgment revival] proceeding by raising any of these defenses." *Elliott*, 943 S. W.2d at 330.

Here, in compliance with Mo. R. Civ. P. 74.09(a), Judgment Creditor timely filed its Motion to Revive Judgment on January 9, 2024, within ten years of the original judgment entered on January 31, 2014. *See* Doc. Nos. 49, 53. Then, pursuant to Mo. R.

3

Civ. P. 74.09(b), the Court issued the Show Cause Order and Judgment Creditor properly effectuated service of the Order on the Judgment Debtor and filed proof thereof.  *See* Doc. Nos. 54, 55.  Judgment Debtor then failed to respond to the Court's show cause order as to why the judgment against him should not be revived.  Therefore, under Mo. R. Civ. P. 74.09(c), the default judgment must be revived.  *See Hargrove*, 2021 WL 3930502, at *2 (citing *Capitol Fin. Grp., LLC v. Bray*, 603 S.W.3d 700, 704 (Mo. Ct. App. 2020)).

Accordingly,

**IT IS HEREBY ORDERED** that Judgment Creditor SMS Financial P, LLC's Motion for Revival of Judgment is **GRANTED**.  Doc. No. 53.

A separate Revival of Judgment will accompany this memorandum and order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2024.